FILED
SUPERIOR COURT
OF GUAM

2014 NOV 21 AM 11: 27

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

ANNA BAUTISTA IN HER INDIVIDUAL
CAPACITY AS GUARDIAN AD LITEM FOR
AMBER JOY BERMUDES BAUTISTA AND
MICHAEL JUDE BERMUDES BAUTISTA;
RACHEL N.L. SANTA MARIA BY AND
THROUGH HER GUARDIAN AD LITEM EHRIN
L. SANTA MARIA; KAILENE ISABEL P.
MENDIOLA, KEITH B.P. MENDIOLA, JR.,
DYLAN J.P. MENDIOLA, AND CALEB J.P.
MENDIOLA BY AND THROUGH THEIR
GUARDIANS AD LITEM RICHARD B. PEREZ
AND MICHELLE A.P. PEREZ; KEITH J. PABLO;
TALEIYA ROSE AGUON BY AND THROUGH
HER GUARDIAN AD LITEM JANEYROSE CRUZ;
AND HALLEY THI LEE,

        PLAINTIFFS,

        V.

MANUEL Q. CRUZ IN HIS OFFICIAL CAPACITY
AS COMMISSIONER OF THE GUAM WORKERS
COMPENSATION COMMISSION,

        DEFENDANT,

        AND

SEAQUEST GUAM, INC. DBA GUAM
SEAWALKER TOURS AND AIOI INSURANCE
COMPANY, LTD.,

        REAL PARTIES IN INTEREST.

CIVIL CASE NO. CV0454-14

DECISION AND ORDER:
REAL PARTIES' IN INTEREST
MOTION TO DISMISS
(GRCP 12(B)(1), 12(B)(6))

## I. INTRODUCTION

The matter came before the Honorable Maria T. Cenzon on August 22, 2014 for a hearing on Real-Parties-In-Interest Seaquest Guam, Inc. and Aioi Insurance Company, Ltd. (collectively, the "Real Parties in Interest") Motion to Intervene or Dismiss. Plaintiffs Anna Bautista et. al. (hereinafter, "Plaintiffs") were represented by Attorney Robert L. Keogh; Defendant Manuel Q. Cruz as Commissioner of the Guam Workers Compensation Committee (hereinafter, "Defendant") was represented by Assistant Attorney General Robert Weinberg; and Seaquest Guam, Inc. and Aioi Insurance Company, Ltd. (collectively the "Real Parties in Interest") were represented by Attorney Seth Foreman. After oral argument the Court **GRANTED the Motion to Intervene** from the bench and took the Motion to Dismiss under advisement. The written Order Granting Motion to Intervene was submitted by the parties on August 26, 2014 and filed on September 10, 2014. On November 19, 2014, during a scheduled hearing on the matter, the Court issued its ruling from the bench **GRANTING the Real-Parties-In-Interest's Motion to Dismiss**. The Court now memorializes its decision by this written Decision and Order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed a Complaint for Injunctive Relief ("Complaint") on April 30, 2014 seeking judicial review of a compensation order issued by Defendant on behalf of the Workers' Compensation Commission (the "WCC") on August 30, 2013 ("Findings of Fact and Conclusions of Law" dated August 30, 2013, hereinafter "Compensation

Order"). The Compensation Order denied claims by the heirs of five men who were employed by Seaquest Guam, Inc. and died while kayaking during working hours on June 29, 2004. The Complaint names Manuel Q. Cruz in his official capacity as Commissioner of the Guam WCC, but also identified Seaquest Guam and Aioi Insurance Company as the real parties in interest. Before any Answer was filed in this matter, the Real Parties in Interest filed a Motion to Intervene or Dismiss (referred to separately as the "Motion to Intervene" and "Motion to Dismiss") on May 20, 2014. Defendant filed a Statement of Non-Opposition on May 22, 2014 which joined in the Motion to Dismiss and did not oppose the Motion to Intervene. Plaintiff filed an Opposition to Motion to Dismiss ("Opposition") on June 24, 2014 and the Real Parties in Interest filed a Reply Memorandum on July 8, 2014.

## III. LAW AND ANALYSIS

### a. THE COURT HAS PERSONAL JURISDICTION OVER THE PARTIES

The Court finds the Real Parties in Interest are permitted to intervene in this action under Guam Rule of Civil Procedure 24(a)(2) as they "claim an interest relating to the property or transaction which is the subject of the action" and their interests may not be "adequately represented" by the Government of Guam. The Real Parties in Interest face financial liability of up to $500,000 under 22 GCA § 9115(m) for five deaths, if Defendant's decision were set aside in whole or reversed. Filing of the Motion to Intervene was timely having followed twenty (20) days after Plaintiff's

Complaint and Defendant, through the Office of the Attorney General, filed a Statement of Non-Opposition to the Motion to Intervene on May 22, 2014.

The Court issued an Order Granting Motion to Intervene on September 10, 2014 and the record now reflects that all proper and necessary Parties have been named and joined before the Court for its consideration of Plaintiff's Complaint and the Motion to Dismiss.

### b. TITLE 22, CHAPTER 9 GOVERNS THE PROCESS OF APPEAL TO THE SUPERIOR COURT OF GUAM

Plaintiffs' Complaint at ¶ 28 states their action is "one for injunctive relief" pursuant to 22 GCA § 9122(b). 22 G.C.A. § 9122 vests the Superior Court of Guam with jurisdiction to "suspend or set aside" a compensation order of the WCC in the form of an "injunction proceeding" which must be filed by "any real party in interest" and "instituted in the Superior Court." Thus, the Plaintiffs' right of review of a compensation order is purely a statutory creation and the Legislature has defined within Section 9122 the type of action to be filed, the proper procedure for instituting the action, the parties who have standing to bring the action, and the jurisdiction of the Superior Court to hear the action. Most critically, the statute provides that "unless proceedings for the suspension or setting aside of such [final] order are instituted" in the Superior Court within thirty (30) days after the filing in the office of the Commissioner of the Compensation Order, such compensation order becomes final. 22 G.C.A. § 9122(a). Section 9122 contains the sole statutory authority for the Superior

Court to review of a compensation order issued by the Commission and the Court is constrained to follow this provision strictly.

Guam law provides that a "plain reading construction is appropriate where the statute lays out specific requirements and indicates exactly what is necessary for compliance without ambiguous terms." *Castino v. G.C. Corp.*, 2010 Guam 3 ¶ 29. Plaintiffs bring their action for review under the appropriate statutory provision; but have failed to comply with the time provision set forth therein. As averred in its Complaint, Plaintiff seeks review of "a Workers' Compensation Commission's Findings of Fact and Conclusions of Law dated August 30, 2013, denying workers' compensation death benefits in Worker's Compensation Case Numbers...;" however, the instant Complaint was filed at least 199 days after the Compensation Order was final by operation of law.[1] On its face, therefore, the Complaint is time-barred.

Plaintiffs' Opposition argues that the 30-day window to file in the Superior Court began to run upon denial of their Petition for Reconsideration pursuant to 5 GCA § 9235 on April 1, 2014. Opposition at 2-3 (June 24, 2014). To delay the filing of an injunction proceeding in Superior Court under 22 GCA § 9122 for a pending petition for reconsideration under the Administrative Adjudication Law at 5 GCA §§ 9100-9312

---

[1] A compensation order "shall be filed in the office of the Commissioner, and a copy thereof shall be transmitted to the claimant and to the employer by delivery to them in person or by registered mail sent to their last known addresses" under 22 GCA § 9120(e). The Parties do not dispute the Compensation Order was filed on August 30, 2013 and Attorneys Tim Roberts and Robert Keogh received copies of the Order on September 4 and September 13, respectively. At the latest, Plaintiffs should have sought judicial review by October 14, 2013. The WCC issued a letter on April 1, 2014, confirming that the Compensation Order was final after the WCC failed to act on the Motion for Reconsideration within 30 days thereafter, pursuant to 9122(a). *Complaint* ¶ 1. The issuance of that letter, however, is not the triggering event; by that date, the Compensation Order had long been final by operation of law.

is a delay without legally-recognized excuse when § 9122 is clearly the exclusive procedure for judicial review of a compensation order. The Workers Compensation Code contains no provision for petitioning a reconsideration of the compensation order—judicial review under § 9122 is a party's *sole remedy* once the Compensation Order has become effective. The WCC is under no statutory mandate to address or respond to Plaintiffs' Petition for Reconsideration under its governing statutes and Plaintiffs' filing of a petition for reconsideration would not advance their legal interests in any way. Indeed, as Real Parties In Interest point out, even if the reconsideration provisions of the AAA apply in this instance – which they do not – the WCC's failure to act within 30 days from the request for reconsideration "the petition shall be deemed denied." 5 G.C.A. §9235(a). Thus, the filing of the Complaint in this case on April 30, 2014, is untimely.

Plaintiffs argue that Guam case law is inconsistent on the proper procedure for appealing a compensation order as the two such cases which have appeared before the Supreme Court of Guam seem to affirm the use of different procedural rules: the Administrative Adjudication Law of Title 5 GCA, Chapter 9 (*Bondoc v. Workers Compensation Commission*, 2000 Guam 6) and the Workers Compensation law in Title 22 GCA, Chapter 9 (*Fagan v. Dell'Isola*, 2006 Guam 11). Opposition at 5 (June 24, 2014). This historical statement is correct and *Fagan* specifically reserved ruling on the propriety of the procedure used in *Bondoc. Fagan* ¶ 12 fn. 5. However, the subsequent case of *Carlson v. Perez*, 2007 Guam 6 laid down a general principal of administrative

law that specific agency legislation will control and, in fact, cited to *Fagan* as an example of the correct procedure in the specific case of Workers Compensation:

> Rather, we find that where the agency's specific legislation directs how the agency action is to be judicially reviewed, then that agency's law should govern how one is to seek judicial review of that agency's action. For instance, review of a compensation order under Worker's Compensation law is available if the order is not in accordance with law. 22 GCA § 9122 (2005). In order to suspend or set aside a compensation order, the aggrieved party is directed under section 9122 to initiate a case in the Superior Court "through injunction proceedings, mandatory or otherwise" against the Commissioner. See generally *Fagan v. Dell'Isola,* 2006 Guam 11 ¶ 12 n. 5.

*Carlson* ¶ 59. Thus, it is clear that applying the principle of statutory construction in *Carlson* has effectively overruled the procedure described in *Bondoc.*

Under Guam rules of statutory construction, the plain language of compliance in § 9122 is the controlling procedure for the Superior Court to review a compensation order issued by the WCC. The threshold question is Plaintiffs' compliance with 22 GCA § 9122. Plaintiff has not pled any equitable principle and this Court has not found any cases supporting equitable relief excusing its failure to comply with the specific requirements of a statutory cause of action due to mistake of law.[2]

//

//

//

---

[2]*Chambers v. Industrial Commission,* 132 Ill.App.3d 891 (App.Ct.1st 1985) is illustrative: where no provision in the workers compensation act provided for rehearing or reconsideration, a writ to the trial court was the sole remedy for plaintiff and when the writ is purely a statutory creation, failure to timely file will divest the trial court of jurisdiction to review. This principle was upheld even when the commission entertained the motion to reconsider and was charged with plaintiff's delay in filing the writ.

### c. Plaintiffs' Failure to Comply with § 9122 is Apparent from the Complaint

The material facts of this matter, as pled in Plaintiffs' Complaint are undisputed. At the Motion Hearing, Plaintiffs did not dispute that the Findings of Fact and Conclusions of Law issued by the Commissioner denied all claims of compensation, although they argued that the form of the Compensation Order was not formatted in the manner of previous compensation orders with which Plaintiffs' counsel was familiar. Plaintiffs also do not dispute that said compensation order was properly filed and served under 22 GCA § 9120(e) and more than thirty days elapsed between the date of filing and the date Plaintiffs' Complaint was filed in the Superior Court. These facts, as pled in the Complaint and undisputed by Plaintiffs, do not change in support of their legal arguments for tolling the 30-day period or the proper date when such period began to run. Although the Superior Court of Guam had subject matter jurisdiction for a 30-day period in the Fall of 2013 pursuant to 22 GCA § 9122, the same statute also divested this Court of its ability to review the compensation order once that deadline had passed. Thus, the Plaintiffs' statutory right to judicial review has clearly expired.

It must be futher noted that the Court's ruling on the Motion to Dismiss is based upon the facts as pled in Plaintiffs' Complaint and does not require conversion to a Rule 56 motion for summary judgment as in *Newby v. Govt. of Guam*, 2010 Guam 4 ¶ 14. Moreover, Plaintiffs' procedural defect in untimely filing does not instantly divest this

Court of subject matter jurisdiction under *Core Tech v. Hanil*, 2010 Guam 13 ¶ 37. However, under 22 GCA § 9122, the compensation order has become final and this Court may no longer suspend or set it aside. Therefore, dismissal under Rule 12(b)(6) is appropriate.

## IV. CONCLUSION

The compensation order of the Commissioner is deemed final as a matter of law under 22 GCA § 9122(a) and the untimely filing of Plaintiffs' Complaint, without excusable delay, has divested this Court of jurisdiction to review the WCC's Compensation Order. As a consequence, while Plaintiffs' Complaint states a legally cognizable claim, it is a claim for which relief must be denied as untimely made. The Real Parties in Interest are properly joined in this action and therefore bound under the principles of issue and claim preclusion by the rulings in this matter. The **Motion to Dismiss is GRANTED and Plaintiff's Complaint is DISMISSED for failure to state a claim under Guam Rule of Civil Procedure 12(b)(6).**

**SO ORDERED** this 21st day of November, 2014, *nunc pro tunc* to November 19, 2014.

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

Robert Keogh; AG;
Seth Foreman

Date: 11/21/14 Time: 11:34

Deputy Clerk, Superior Court of Guam

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM